UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MAXIMILIAN KLEIMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:24-cv-00490-JPH-MKK |
| HEFLIN, et al., | ) |
| Defendants. | ) |

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Maximilian Kleiman initiated this action on October 10, 2024, with the filing of his complaint. Dkt. 2.

Since then, Mr. Kleiman has filed a motion for leave to file an amended complaint, dkt. 26, stating that since the Court has screened his complaint, he has identified a John Doe Doctor as Dr. Andrew Ritchison, and that he has suffered from retaliation from "Unknown Agents." *Id.* at 1. The Court concludes that allowing Mr. Kleiman to amend his complaint is in the interests of justice. Therefore, Mr. Kleiman's motion for leave to file an amended complaint, dkt. [26], is **granted**, and the amended complaint, dkt. 26-1, is now the operative complaint in this matter.

In his amended complaint, Mr. Kleiman alleges that he underwent two failed hernia surgeries and continues to be denied proper medical care for his hernia. Because Mr. Kleiman is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

1

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. Amended Complaint

Mr. Kleiman's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The amended complaint names nine defendants: (1) Centurion Health LLC; (2) Dr. Heflin, Centurion Health CIF; (3) Surgeon Alan Reyes, Centurion/Terre Haute Regional Hospital; (4) LPN Lyndal Weir, Centurion Health PCF; (5) QMA Brooke Cornelius, Centurion Health PCF; (6) Dr. Murray Young, Centurion Health Prescription Medication Approval Manager; (7) Dr. Andrew Ritchison, Centurion / Ascension

2

St. Vincent Hospital Anderson, Indiana; (8) Dr. Pablo Perez, Centurion Health PCF; and (9) Unknown Agents, PCF. Dkt. 26-1 at 1.

Mr. Kleiman's amended complaint is virtually identical to the original complaint, except for the substitution of a defendant, and an addition of a group of "unknown agent" defendants. *Compare* dkt. 2, *with* dkt. 26-1. Specifically, Mr. Kleiman substitutes Dr. Andrew Ritchison for former defendant Surgeon John Doe, Centurion / Ascension St. Vincent Hospital Anderson, Indiana. Dkt. 26-1 at 1. Mr. Kleiman also adds "unknown agents" as defendants. *Id.*

For all relevant events, Mr. Kleiman was housed at either the Correctional Industrial Facility ("CIF") or Putnamville, both of which are Indiana Department of Correction facilities. *Id.* at 2.

In his complaint, Mr. Kleiman alleges that he was denied adequate medical care after a hernia repair surgery conducted by Surgeon Andrew Ritchison of Ascension St. Vincent Hospital of Anderson, Indiana in 2021. *Id.* Dr. Heflin, who worked at CIF, approved the aforementioned hernia repair surgery. *Id.*

After the surgery, Mr. Kleiman immediately believed that the surgery was "botched" and "a failure." *Id.* Over the next few months, Mr. Kleiman submitted numerous health care request forms and grievances at CIF, but his grievances went unanswered, and he was only provided with Tylenol to treat his pain. *Id.* Mr. Kleiman persisted with his efforts to obtain care for his botched surgery, and Dr. Heflin ultimately ordered a follow up ultrasound, which took place in early 2022. *Id.* The results of the ultrasound revealed that there was an abnormality

near the site of the hernia repair surgery, which Dr. Heflin referred to as scar tissue. *Id.*

Since Mr. Kleiman's arrival at Putnamville, he has submitted health care requests for care and pain management medication. *Id.* Mr. Kleiman was prescribed medication in early 2024 by Dr. Perez, but that medication was either interrupted or denied by Centurion Prescription Medication Approval Manager Dr. Murray Young. *Id.*

Mr. Kleiman's abnormality turned out to be the original hernia, and he ended up undergoing a second surgery to replace the hernia mesh inserted by Dr. Ritchison. *Id.* On September 26, 2024, the second surgery was performed by Dr. Reyes at Terre Haute Regional Hospital. *Id.* at 2-3 Mr. Kleiman described the second surgery as a "another surgical failure." *Id.* at 3. Mr. Kleiman thinks that the hernia mesh was not searched for and was not located during the second surgery, and therefore he requires further medical attention. *Id.*

When Mr. Kleiman returned to Putnamville, he requested further medical attention from staff including B. Cornelius and C. Weir. *Id.* Mr. Kleiman thinks that they were following an "incorrect" post-operative recovery guide provided by Terre Haute Regional surgical staff. *Id.* The report failed to mention that Mr. Kleiman had "mesh floating around inside [his] body." *Id.*

Mr. Kleiman reports that certain unnamed staff at Putnamville's Health Care Unit began screaming at him, told him to get out and deal with the pain, and authored a false conduct report against him. *Id.*

Approximately one month after the second surgery, Dr. Perez ordered a CT

4

scan to locate the missing mesh. *Id.* The results revealed that neither Dr. Ritchison nor Dr. Reyes installed any mesh at all. *Id.* Mr. Kleiman believes that the second surgery would not have been approved by Centurion unless surgical mesh was removed from the first surgery. *Id.* Mr. Kleiman alleges that Centurion defendants were deliberately indifferent to medical reports and physical evidence regarding his medical treatment. *Id.*

Mr. Kleiman alleges that, since the filing of this lawsuit, unknown agents at Putnamville have censored his personal messages through the GTL tablet messaging application in violation of his First Amendment rights. *Id.* Mr. Kleiman has filed grievances and exhausted his available administrative remedies as it relates to these issues. *Id.*

Mr. Kleiman seeks injunctive and monetary relief. *Id.* at 5.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, claims against the "Unknown Agents" are dismissed for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. Accordingly, any claim against the "Unknown Agents" is **dismissed**. Further, Mr. Kleiman's

5

allegations that correctional staff are interfering with his inability to communicate with people on his tablet seem to be unrelated to the medical claims proceeding in this action. Thus, if Mr. Kleiman learns the identity of these individuals, he likely should bring a separate lawsuit against them. *See* Fed. R. Civ. P. 18, 20, *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("Unrelated claims against different defendants belong in different suits.").

Second, all claims against Centurion Health LLC are dismissed for failure to state a claim because it "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of respondeat superior for constitutional violations committed by their employees. It can, however, be held liable for unconstitutional . . . policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005–06 (7th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). There are no factual allegations in the complaint that support the legal conclusion that Centurion had an unconstitutional practice or policy as it relates to Mr. Kleiman's hernia issues. *See* dkt. 26. Thus, any claim against Centurion Health LLC is **dismissed** for failure to state a claim upon which relief may be granted.

The following claims shall proceed:

- An Eighth Amendment deliberate indifference claim against Surgeon Andrew Ritchison for botching Mr. Kleiman's first hernia surgery.
- An Eighth Amendment deliberate indifference claim against Dr. Heflin for his inadequate medical treatment of Mr. Kleiman's hernia.

- An Eighth Amendment deliberate indifference claim against Surgeon Alan Reyes for botching Mr. Kleiman's second hernia surgery.

- An Eighth Amendment deliberate indifference claim against LPN Lyndal Weir and QMA Brooke Cornelius for their inadequate medical treatment to Mr. Kleiman after his second surgery.

- An Eighth Amendment deliberate indifference claim against Dr. Murray Young for denying Mr. Kleiman proper medication before and after his second surgery.

- An Eighth Amendment deliberate indifference claim against Dr. Pablo Perez for denying Mr. Kleiman adequate medical treatment upon arriving at Putnamville.

This summary of claims includes all of the viable claims identified by the Court. The **clerk is directed** to add Dr. Andrew Ritchison as a defendant on the docket.

### V. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Surgeon Andrew Ritchison in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on June 13, 2025, dkt. [26], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Defendant Ritchison is identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is ORDERED to provide the full name and last known

7

home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

Further, although Dr. Ritchison is identified as a Centurion employee, Mr. Kleiman also states that he was a surgeon at Ascension St. Vincent Hospital in Anderson, Indiana. Thus, his relationship with Centurion is unclear. Dr. Ritchison shall also be served at the address associated with the hospital.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 8/11/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MAXIMILIAN KLEIMAN
283292
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel

Electronic service to Centurion
        Surgeon Andrew Ritchison

Surgeon Andrew Ritchison
Ascension St. Vincent
2015 Jackson St.
Suite 105
Anderson, Indiana 46016